Gershengorn, J.
At issue in the case at bar is whether a doctor-patient relationship is established when a podiatrist simply glances at the foot of his associate doctor’s patient and tells the associate that the patient is a slow healer. For the reasons stated below, the motion to dismiss by the consulting doctor is allowed.
BACKGROUND
In January 1993, the plaintiff, Renee Haney, went to the defendant, Dr. James Stewart, a podiatrist, complaining of swelling and discomfort in her right foot. Upon examination, Dr. Stewart attributed plaintiffs condition to a bone spur and a bunion, and recommended surgery, which Dr. Stewart performed on February 25, 1993. Dr. Stewart advised plaintiff that the swelling and pain resulting from the surgery would dissipate within two weeks. Rather than subside, plaintiffs swelling and pain worsened in the weeks following surgery. Her toe became extremely sensitive, and on March 23, 1993, Dr. Stewart put a cast on plaintiffs right foot. Approximately two weeks later, Dr. Stewart removed the cast and found that plaintiffs pain and swelling still had not subsided, and that her foot was discolored. He then put another cast on her foot.
Dr. Stewart subsequently telephoned plaintiff and asked her if she would be willing to see his associate, *111 Dr. Smith, and plaintiff agreed. Nearly two months after the surgery, in late April, 1993, Dr. Stewart removed the second cast, and observed that plaintiffs toe was discolored and pointed straight up in the air. Dr. Stewart left the examination room, and returned with his associate, Dr. Smith, who glanced at plaintiffs foot, said, “She’s a slow healer,” and left the room. Dr. Smith never looked at plaintiffs test results or medical charts, he did not enter any remarks in her medical record, and he did not bill plaintiff at any time for glancing at her foot.
Plaintiffs condition worsened over the summer of 1993. On August 1993, a podiatrist at Massachusetts General Hospital, Dr. Spiri, examined plaintiffs foot and diagnosed her condition as Reflex Sympathetic Dystrophy (RSD) and nerve damage in her right foot. Dr. Spiri referred plaintiff to a neurologist, Dr. Marie Pasinski who, on September 17, 1993, confirmed the diagnosis of RSD and nerve damage. Dr. Pasinski continues to treat plaintiff for the RSD. In her affidavit, Dr. Pasinski opined that “Dr. Stewart’s failure to seek an outside evaluation [by a neurologist or other pain specialist] in the face of clear symptoms of RSD and [plaintiffs] atypical postoperative recovery, violated the minimum acceptable standard of care in the community."
In her amended complaint, plaintiff seeks judgment against Drs. Smith and Stewart, and their practice. Dr. Smith moves to dismiss the claims against him on the grounds that he did not have a physician-patient relationship with plaintiff. Both plaintiff and Dr. Smith have agreed to treat the motion to dismiss as a motion for summary judgment.
DISCUSSION
A motion for summary judgment is in order, and shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995). The defendant moving for summary judgment may satisfy its burden of proof by demonstrating that proof of an essential element is unlikely to be forthcoming at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
In deciding the extent of involvement required to establish a physician-patient relationship, Massachusetts courts have declined to impose liability upon physicians who act merely as consulting or assisting physicians. See Halley v. Birbiglia, 390 Mass. 540, 548-49 (1983) (no malpractice liability for failure to obtain informed consent prior to performing arteriogram, where defendant was not admitting or attending physician, did not order or perform arteriogram, but only intermittently saw patient before arteriogram and had recommended arteriogram); Harnish v. Children’s Hospital Medical Center, 387 Mass. 152, 159 (1982) (physician who only assisted admitting physician during surgery was not liable for failure to obtain informed consent of patient).
In Doherty v. Heilman, 406 Mass. 330 (1989), relied upon by both parties, the Supreme Judicial Court found no doctor-patient relationship where the defendant doctor had only seen the plaintiff once, with the treating physician, to examine and take plaintiffs medical history, after plaintiff had received allegedly negligent irradiation treatment. Id. at 334. Plaintiff attempts to distinguish Doherty from the instant case by arguing that the defendant in Doherty was not liable because he had examined the patient after the occurrence of the alleged neglience, whereas here, Dr. Smith glanced at plaintiffs foot during the alleged negligent treatment.
Dr. Smith’s mere glance at plaintiffs foot when, allegedly, Dr. Stewart failed to diagnose the RSD or refer plaintiff to a neurologist or pain specialist, does not.by itself trigger liability. Regardless of timing, Dr. Smith’s involvement with plaintiff was insufficient to constitute a doctor-patient relationship. This conclusion is supported by Doherty, in which far more involvement between the doctor and patient did not establish a doctor-patient relationship at any time. Moreover, imposition of liability under these circumstances would chill physicians’ informal consultations which generally benefit the medical community and the patients it treats. Accordingly, no doctor-patient relationship existed between plaintiff and Dr. Smith. As proof of this relationship is an essential element of plaintiffs claim against Dr. Smith, that claim must be dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that Dr. Smith’s motion to dismiss be ALLOWED.